|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-9623-JFW (MANx)**                                        Date:  December 6, 2011

Title:      Young H. Kim -v- Bank of America, N.A., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   **Shannon Reilly**                                      **None Present**
   **Courtroom Deputy**                                    **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                        None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

        On September 22, 2011, Plaintiff Young H. Kim ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants Bank of America, N.A., Alvarado & Associates, LLP, and Katherine S. Walker. On June 20, 2011, Bank of America filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

        Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Bank of America bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

        Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. In its Notice of Removal, Bank of America concludes that Plaintiff is a citizen of California because his Complaint alleges that he is a resident of the County of Los Angeles, California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.

*Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Bank of America has failed to meet its burden to establish this Court's jurisdiction.  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Bank of America has failed to satisfy its burden of establishing that diversity jurisdiction exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.